### MARIE JOSEPH DEDE, et al, *v.* LUDGER BOGUILLE, f. m. c.

*To constitute a title translative of property, the judicial sale must be accompanied by the judgment and execution.*

APPEAL from the Second District Court of New Orleans, *Lea, J. Murphy*, for plaintiff. *Durant & Horner*, for defendant and appellant.

ROST, J. In 1844, the plaintiff, *Marie Josephe Dédé*, was enjoying the usufruct of a house and lot, belonging to her children, one of whom was a minor at the time. Her right of usufruct was seized and sold by the Marshal of the city of New Orleans, and the defendant became the purchaser. There was sold, at the same time, one undivided sixth of the property, represented in the act of sale, as having been inherited by the defendant from one of her deceased children.

In 1852, she instituted this action to recover the property, with rent and damages, on the ground that the sale was informal and otherwise void—that the usufruct of her children's property was not liable to seizure—that the defendant had violated the obligation of a usufructuary by suffering the property to go to decay, while in his possession. Her children joined in the suit, praying that in case the sale should be sustained, the usufruct might be forfeited for a violation on the part of the defendant, of the duties and obligations of the usufructuary. They also prayed for damages. The general issue and prescription were pleaded in defence.

The District Judge avoided the sale, and gave judgment for the rent of the house, at the rate of $9 per month. The defendant appealed.

The defendant's title is not admitted, and the only evidence offered to establish it, is an act of sale by the Marshal of the former City Court of New Orleans. The settled jurisprudence of this Court is, that to constitute a title translative of property, the judicial sale must be accompanied by the judgment and execution. We conclude, therefore, that the defendant has not shown a title sufficient to divest that of the plaintiff to the usufruct, or to any undivided interest in the property. Whether or not the Marshal's sale was sufficient to make him a possessor in good faith, the judgment must remain undisturbed. If he was not in good faith, he owes the rent which he has been adjudged to pay. If he was in good faith, his possession of five-sixths of the property was that of a usufructuary, and he is liable in damages for having suffered the property to go to decay, and the evidence satisfies us that the amount allowed as rent does not exceed five-sixths of the sum necessary to put the house and buildings in a proper state of repair.

We think justice has been done between the parties.

Judgment affirmed, with costs.